IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

JAN - 5 2017

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff(s),<br><br>vs.<br><br>DON A. KAUTZMANN,<br><br>       Defendant(s). | CV 16-156-BLG-SPW-TJC<br><br><br>**ORDER REGARDING**<br>**DEFENDANT'S LETTER TO**<br>**THE COURT** |

On November 2, 2016, the United States of America filed a Complaint against Defendant Don A. Kautzmann ("Defendant"), seeking to reduce to judgment certain outstanding tax liabilities assessed against Defendant. (Doc. 1.) On January 3, 2017, the Court received a letter from Defendant, indicating he does not agree with the amount alleged in the Complaint, and that he requests "consideration to continue to work with the Department of Justice and the IRS about past due taxes" ("the Letter").

The Court notes that to date, Defendant has not filed an Answer or otherwise appeared in this action in accordance with the Federal Rules of Civil Procedure. Because it appears Defendant is acting pro se, the Court is inclined to construe Defendant's correspondence as an Answer. *See* Fed. R. Civ. P. 8; *United States v.*

*Ten Thousand Dollars ($10,000.00) in U.S. Currency*, 860 F.2d 1511, 1513 (9th Cir. 1988) ("We have consistently held in this circuit that courts should liberally construe the pleadings and efforts of pro se litigants."); *U.S. v. Nguyen*, 997 F. Supp. 1281 (C.D. Cal. 1998) (noting courts liberally construe pro se claims "with a view towards making the reasonable inferences and allowances necessary to effectuate what appears to be the defendant's intentions").

However, in the event Defendant does <u>not</u> want the Letter to be treated as an Answer, Defendant **IS ORDERED** to file a responsive pleading **within seven (7) days of the date of this order**. *See* Fed. R. Civ. P. 8 and 12. If Defendant does not take further action, the Letter will be construed as an Answer.

Defendant is cautioned that although the Court must construe the pleadings liberally, pro se litigants must follow the same rules of procedure as litigants who are represented by counsel. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995); *Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986). "The hazards which beset a layman when he seeks to represent himself are obvious. He who proceeds pro se with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an 'advocate' for or to assist and guide the pro se layman through the trial thicket." *Jacobsen v. Filler*, 790 F.2d 1362, 1365 n.5 (9th Cir. 1986) (quoting

*United States v. Pinkey*, 548 F.2d 30, 311 (10th Cir. 1977)); *see also Barnes v. United States*, 241 F.2d 252 (9th Cir. 1956).

Defendant is further advised that any future request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption containing the names of the parties, the name and division of the Court, the case number and the name of the motion, and must contain a proof of service establishing that the relevant persons were served with a copy. *See* Fed.R.Civ.P. 5; Local Rules 1.5 and 7.[1] The Court will not consider requests made or information presented in letter form.

**IT IS ORDERED.**

DATED this 4th day of January, 2017.

_____

TIMOTHY J. CAVAN
United States Magistrate Judge

---

[1] The Court's Local Rules are available on the Court's website at:
http://www.mtd.uscourts.gov/sites/mtd/files/Local%20Rules.pdf